UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON HOLTON** | * | **CIVIL ACTION NO.** _____ |
| | * | |
| | * | **SECTION "\_\_"** \_\_\_\_ |
| **VERSUS** | * | |
| | * | **JUDGE** _____ |
| | * | |
| **EXPRESS MARINE, INC. and EXPRESS** | * | |
| **MARINE TRANSPORTATION, L.L.C.** | * | **MAGISTRATE** _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The complaint of Jason Holton, a person of majority age, with respect represents:

1.

Made Defendant herein is EXPRESS MARINE, INC., a Delaware corporation doing business in the state and judicial district at all times, and EXPRESS MARINE TRANSPORTATION, L.L.C. a limited liability company, qualified to do and doing business in the state and judicial district at all times.

2.

On or about August 31, 2011, Defendants, EXPRESS MARINE, INC. and/or EXPRESS MARINE TRANSPORTATION, L.L.C., owned, operated and controlled the M/V BALTIMORE, a towing vessel.  Defendants, EXPRESS MARINE, INC. and/or EXPRESS

MARINE TRANSPORTATION, L.L.C., employed Plaintiff, JASON HOLTON, as an assistant engineer on said vessel, for which he earned an average annual earnings of approximately $70,000.00, plus found and fringe benefits.

3.

On or about August 31, 2011, while the M/V BALTIMORE was in navigable waters, Plaintiff sustained severe, painful, and disabling injuries to his back, and other parts of his body as a result of the negligence of Defendant, EXPRESS MARINE, INC. and/or EXPRESS MARINE TRANSPORTATION, L.L.C., and the unseaworthiness of the M/V BALTIMORE. Plaintiff was injured when he was ordered to install an after cooler manually with assistant engineer without the use of the proper equipment.

4.

By reason of the foregoing, Plaintiff has suffered past and future physical and mental pain and suffering, permanent physical scarring and disability and loss of wage earning capacity for which Plaintiff seeks and is entitled to recover from Defendant, compensatory damages in the amount of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, plus found and fringe benefits.

5.

Plaintiff brings this cause of action against the aforesaid Defendant pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**AND FOR A SECOND CAUSE OF ACTION**

6.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

7.

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the M/V BALTIMORE, Plaintiff has sought reasonable and necessary medical treatment, and is entitled to maintenance at a rate of $60.00 per day.

8.

The Defendant is aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the service of its vessel, which treatment Plaintiff continues to need, wants and intends to undergo and has also requested that Defendants authorize and pay for his prescribed medical treatment.

9.

Despite Plaintiff's request, the Defendants have arbitrarily, capriciously and without legal cause, failed and/or refused to investigate Plaintiff's claim of entitlement to cure and to authorize pay for his necessary medical treatment and maintenance payments of $60.00 per day.

10.

As a result of Defendants' negligence, willful, arbitrary and capricious failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired.

11.

By reason of the foregoing, Plaintiff seeks, and is entitled to recover from Defendants, all expenses associated with necessary reasonable medical care from August 31, 2011 until he reaches maximum medical cure according to his treating physician, and payment of maintenance at $60.00 per day during this same time period.

12.

By reason of the foregoing, Plaintiff is further entitled to recover compensatory damages for Defendants' refusal to honor its cure obligation in the amount of TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00) DOLLARS, plus reasonable attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

13.

Plaintiff brings this second cause of action against the aforesaid Defendants pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**WHEREFORE**, Plaintiff, JASON HOLTON, prays for judgment in his favor and against Defendants, EXPRESS MARINE, INC. and/or EXPRESS MARINE TRANSPORTATION, L.L.C., both jointly and severally, for past and future maintenance and cure and for compensatory damages in the amount of ONE MILLION TWO HUNDRED FIFTY AND/NO ($1,250,000.00) DOLLARS, plus reasonable attorneys' fees, and for all taxable costs and interest as allowed by law.

Respectfully submitted,

/s/ Paul M. Sterbcow_____
PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana  70130
(504) 588-1500  Tel
(504) 588-1514  Facsimile
sterbcow@lksalaw.com

OF COUNSEL
Matthew D. Shaffer, Esq.
Texas Bar #18085600
Schechter, McElwee, Shaffer, & Harris, L.L.P.
3200 Travis, 3rd Floor
Houston, Texas  77006-3636
(713) 524-3500
(713) 751-0412         Facsimile
mshaffer@smslegal.com


**PLEASE SERVE:**

**EXPRESS MARINE, INC.**
**Through the Louisiana Long Arm Statute**, LSA-R.S. 13:3201,
Pursuant to Section 3204 of Title 13
By Serving:
Express Marine, Inc.
2851 Adams Avenue
Camden, NJ  08105

**EXPRESS MARINE TRANSPORTATION, L.L.C.**
Through their registered agent
Darlene Coffman
1054 West Tunnel Blvd.
Houma, LA  70360